UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

VS. C.R. No: 05-73T

VIRGILIO JIMINEZ

---

## MOTION TO SUPPRESS STATEMENTS

NOW COMES Defendant in the above-entitled matter and moves this Honorable Court pursuant to Rule 41 of the Federal Rules of Criminal Procedure to suppress any and all statements obtained from him or attributed to him as a result of the seizure of him on June 2, 2005. As grounds therefore, Defendant states that once in custody pursuant to a search warrant, the police questioned him without properly advising him of his rights as dictated by Miranda v. Arizona, thus violating his Constitutional rights under the Fifth Amendment. Therefore, Defendant requests this Court to suppress his statements as evidence against him. Defendant also requests an evidentiary hearing.

Respectfully submitted,
VIRGILIO JIMINEZ
By his attorney

DONNA A. UHLMANN
1 Davol Square, Suite 100
Providence, RI 02903
(401) 421-9700

## CERTIFICATION

I hereby certify that a copy of the within to be delivered to Stephen Dambruch, Esq. on the 6th day of September, 2005.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

VS. C.R. No: 05-73T

VIRGILIO JIMENEZ

**MEMORANDUM IN SUPPORT OF**

**MOTION TO SUPPRESS EVIDENCE**

Defendant, VIRGILIO JIMINES, moves to suppress the seizure of any and all evidence seized by the Cranston Police Department on June 2, 2005 on the grounds that the seizure of Defendant was made without probable cause, in violation of his rights under the Fourth Amendment to the United States Constitution.

FACTS:

The Cranston Police seized and arrested Virglio Jiminez largely based upon information provided by a confidential informant and a spurious police investigation and surveillance. The Affidavit in Support of the Application for a Search Warrant details that the information received was from an informant who was reliable in the past, however, no mention is made as to whether that so-called "reliable information"given in the past ever led to any arrests or convictions. The information from the informant was several weeks old. There is no indication as to whether the informant himself was involved in any sales or packaging or distribution of narcotics and he gives absolutely no

time frame in which these alleged sales were made or witnessed by the source. The Affiant mentions that his surveillance revealed a "subject matching the physical description given by the CS" driving a Black Oldsmobile. Sergeant Russell Henry of the Cranston Police noted in his Supplemental Narrative that "VJ" was seen operating a white Jeep Cherokee on June 5, 2005, three days after the execution of the search warrant and the arrest of Defendant. This was the only occasion that a white Jeep was mentioned in investigation. [Affidavit in Support of Application for Search Warrant, and Detective Henry's Supplemental Report are attached hereto as Exhibits A and B.]

As officers were preparing to execute the search warrant, a subject left the residence in that white Jeep and was subsequently stopped by a uniform patrol unit in Cranston. Defendant and his three year old son were taken from the automobile upon which time the officer allegedly read Defendant his rights as secured under Arizona v. Miranda.

APPLICABLE LAW

The informant's tip and the investigation by the Cranston police does not establish probable cause for Defendant's seizure and arrest as he was never identified by the source as "VJ."

In Adams v. Williams, 407 U.S. 143 (1972) and Alabama v. White, 496 U.S. 325 (1990), the United States Supreme Court upheld the stopping of motor vehicles where the justification of the stop comes from informant information. The police, however, must demonstrate that they possessed "reasonable suspicion" defined as

> "a less demanding standard that probable cause not only in the sense that reasonable suspicion can be established with information that is different

in quantity or content that that required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable than required to show probable cause." 496 U.S. at 330.

In the instant case, not even reasonable suspicion was demonstrated by the police when they seized the person of Defendant. The informant never identified the person under surveillance with the person allegedly dealing narcotics, nor did the information or the surveillance ever identified this subject as driving a white Jeep.

For the above-stated reasons, Defendant's Motion to Suppress should be granted.

Respectfully submitted,
VIRGILIO JIMINEZ
By his attorney

DONNA A. UHLMANN