UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

VS. C.R. No: 05-73T

VIRGILIO JIMINEZ

**MOTION FOR *BRADY* MATERIAL**

Defendant, VIRGILIO JIMINEZ, respectfully moves this Honorable Court for an Order directing the United States government to produce all materials, of any kind whatsoever, which is favorable to Defendant or which is exculpatory, as well as all materials which can be used to impeach or discredit government witnesses on the issue of guilt or punishment. This Motion is made pursuant to the holding of the United States Supreme Court in Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) and this Court's Order on Discovery.

Respectfully submitted,
VIRGILIO JIMINEZ
By his attorney

DONNA A. UHLMANN
1 Davol Square, Suite 100
Providence, RI 02903
(401) 421-9700

**CERTIFICATION**

Undersigned certifies that a copy of the within Motion was hand-delivered to Stephen Danbruch, AUA, on the 7th day of September, 2005.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

VS. C.R. No: 05-73T

VIRGILIO JIMINEZ

**MEMORANDUM OF LAW IN SUPPORT**

**OF MOTION FOR *BRADY* MATERIAL**

Defendant, by and through counsel, hereby submits this Memorandum of Law in Support of his Motion for Brady disclosure:

This Court's Standing Order on Discovery mandates that the Government disclose all information known to the Government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963). In Brady, the United States Supreme Court held that suppression of evidence favorable to the defense by the prosecution is a denial of substantive and procedural due process where such suppressed evidence is material either to guilt or punishment, irrespective of the good or bad faith of the prosecution. 373 U.S. at 86-88. In U.S. v. Agurs, 427 U.S. 93 (1976), the Supreme Court held that a prosecutor violates the constitutional duty of disclosure where the omission is sufficiently significant so as to result in the denial of the

17

defendant's right to a fair trial. 427 U.S. at 107-09. While the mere possibility that an item of undisclosed information might have aided the defense, or might have affected the outcome of the trial, it does not establish "materiality" in the constitutional sense, (427 U.S. at 109-110), nor is the prosecutor's constitutional duty of disclosure measured by his moral culpability or willfulness; if the suppression of evidence results in constitutional error, it is because of the character of the evidence, not the character of the prosecutor. Id. The proper standard of materiality of undisclosed evidence is that if the omitted evidence creates a reasonable doubt of guilt that did not otherwise exist. Agurs, 427 U.S. at 112-114.

While the Government has acknowledged an ongoing duty of disclosure of all Brady material, in an effort to assure the fundamental fairness and constitutionality of these proceedings, it is requested that this Court issue an Order to the Government directing it to comply with it's Brady obligations sufficiently in advance of trial so as to allow Defendant to adequately investigate, respond to and prepare for same.

Respectfully submitted,
VIRGLIO JIMENEZ
By his attorney

DONNA A. UHLMANN
1 Davol Square, Suite 100
Providence, RI 02903
(401) 421-9700
FAX: (401) 351-7847

**CERTIFICATION OF SERVICE**

**Undersigned hereby certifiers that a copy of the within was hand-delivered to Stephen Danbruch, Assistant United States Attorney on the 6th day of September, 2005.**

______________________________