UNITED STATES DISTRICT COURT
FOR THE DISRTICT OF RHODE ISLAND

UNITED STATES OF AMERICA

VS. C.R. No:05-073T

VIRGILIO JIMINEZ

**MEMORANDUM IN SUPPORT OF**
**MOTION TO SUPPRESS STATEMENTS**

**SATEMENT OF FACTS:**

On June 2, 2005, the Cranston Police Department stopped Defendant while he was driving a motor vehicle. Other detectives were at a residence prepared to execute a search warrant for those premises. The detective's narrative indicates that the patrol office "Mirandized" Defendant who then allegedly made statements. There is not indication of any signed Waiver of Rights regarding those statements.

At the Cranston Police Station, Defendant executed a "Waiver of Rights Form" and allegedly made inculpatory statements.

Defendant now moves to suppress any and all statements made by him or attributed to him.

**ISSUE:**

Any statements made by or attributed to Defendant were not voluntary, intelligent made or made with a full comprehension of the rights guaranteed to him by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

**ARGUMENT:**

The execution of a Waiver of Constitutional Rights alone is not enough to render it an admissible document at the time of trial. A careful and thorough administration of *Miranda* warnings alone is not necessarily sufficient to insure the validity of a subsequent statements. *United States v. Marenghi*, 109 F.3d 28, 32 (1st Cirf.1997).

This is so because a danger exists where the coercive nature of the circumstances in which a statement is provided may not have resulted in an atmosphere devoid of coercion or compulsion.

The Untied States Supreme Court has set forth the following factors for courts to consider in answering whether a confession was sufficiently an act of free will:

1. The presence or absence of *Miranda* warnings;
2. The temporal proximity of the arrest and the confession;
3. The presence of intervening circumstances;
4. The purpose and flagrancy of any official misconduct.

*See e.g., Brown v. Illinois,* 422 U.S. 602, 603-604 (1986). *See also, Anderson v. Calderon,* 232 F.3d 1053, 1072 (9th Cir. 2000).

This Court should note that the inquiry as to whether an individual waived the rights conveyed in the *Miranda* warnings has two distinct dimensions. *Edwards v.*

*Arizona*, 451 U.S. 477, 482 (1981). First, the relinquishment of the right must have been voluntary in the sense that is was the product of a free deliberate choice rather than intimidation, coercion or deception. *Moran v. Burbine* 475 U.S. 412, 421, (1986). Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of this decision to abandon it. Only if the totality of the circumstances surrounding the interrogation of a suspect is of an uncoerced choice may a court properly conclude that the Miranda Right had been waived. In the instant case, Defendant was confronted by more than one officer during an automobile stop while in the company of his small child. At the station he was in a custodial setting with, again, more than one officer interrogating him. Assuming *arguemdo* that Defendant made any statements to the officers, they were not knowing, voluntary, intelligently made or with full knowledge of the consequences of same.

WHEREFORE, for the foregoing reasons, Virglio Jimenez, respectfully prays this Honorable Court exclude from evidence, directly, indirectly or otherwise, any statement made by or attributed to him.

Respectfully submitted,
VIRGILIO JIMINEZ
By his attorney

DONNA A. UHLMANN
1 Davol Square, Suite 100
Providence, RI 02903
(401) 421-9700
FAX: (401) 351-7847

# CERTIFICATION

Undersigned hereby certifies a copy of the within was transmitted via facsimile and mailed to Stephen Danbruch on the 9th day of September, 2005.

____________________________