**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Cr. No. 05-073T** |
| | ) | |
| **VIRGILIO JIMINEZ** | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephen G. Dambruch, Assistant United States Attorney, and hereby objects to defendant's Motion to Suppress Statements. The grounds for the government's objection are set forth in the accompanying memorandum of law.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

STEPHEN G. DAMBRUCH
Assistant U. S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of September, 2005, I mailed a copy of the within Government's Objection to Donna A. Uhlmann, Attorney at Law, 1 Davol Square, Suite 100, Providence, RI 02903.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 05-073T** |
| | : | |
| **VIRGILIO JIMINEZ** | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

## INTRODUCTION

The defendant contends that the Court should suppress all statements made by the defendant to the police following his detention on June 2, 2005. In support of his motion, the defendant argues that the police officers failed to properly advise the defendant of his *Miranda* rights before questioning him. The defendant's argument is without merit.

## FACTS

On June 2, 2005, members of the Cranston Police Department and agents of the Drug Enforcement Administration (DEA) executed a search warrant for the premises located at 9 West Harry Street, Cranston, Rhode Island. Contemporaneous with the execution of that warrant, a Cranston Police patrol officer stopped the defendant's white Jeep a short distance away for a motor vehicle registration violation and detained the defendant, whom the police had observed just leave from 9 West Harry Street, and his

child passenger at the scene of the motor vehicle stop.

Cranston Police Detective Sergeant Russell Henry subsequently responded to the scene of that stop. Upon his arrival at that location, Detective Sergeant Henry informed the defendant that he was the target of a narcotics investigation and verbally advised the defendant of his *Miranda* rights. Following that rights advisement, the defendant, who identified himself as Moises Reyes, told Detective Sergeant Henry that his cousin Leo resided at 9 West Harry Street. The defendant also denied any knowledge of narcotics trafficking.

After being informed by Sergeant Henry that his vehicle was being towed due to the registration infraction, the defendant agreed to accompany the police back to 9 West Harry Street. A Cranston Police patrolman transported the defendant and the child to 9 West Harry Street, where they were met by the child's mother. She identified the defendant as Leo and informed the officers that he resided at 9 West Harry Street. The property owner also arrived at the scene and confirmed that the defendant, known to him by the name Leo Gonzalez, lived in the target apartment at 9 West Harry Street. At that point Detective Sergeant Henry instructed a patrol officer to take the defendant to the Cranston Police station.

Once back at the police station, DEA Task Force Agent Raymond Angell re-advised the defendant of his *Miranda* rights,

this time with the assistance of a preprinted form. The defendant, in the presence of DEA Task Force Agents Angell and Karl Jacobson, reviewed the form and indicated his understanding of the contents by placing his initials next to each numbered section, placing a check mark on the appropriate line and signing at the bottom of the document (a copy of the rights form executed by the defendant on June 2, 2005 is attached). At the completion of this second rights advisement, the defendant made verbal admissions to the agents. The defendant told the agents that he would obtain cocaine in two ounce quantities, cook it into crack cocaine, and then distribute that crack cocaine to others. He further admitted that he had personally cooked up the quantity of crack cocaine seized by the police from 9 West Harry Street.

**ARGUMENT**

After having been advised of his *Miranda* warnings, a suspect may then waive those rights, if that waiver is made voluntarily, knowingly and intelligently. United States v. Palmer, 203 F.3d 55, 60 (1st Cir. 2000). The government must prove the voluntariness of that waiver by a preponderance of the evidence. United States v. Rosario-Diaz, 202 F.3d 54, 69 (1st Cir. 2000). The focus of the voluntariness analysis should be the conduct of the police officers who interacted with the defendant. Absent a finding of police coercion, the waiver and subsequent statements

should be viewed as voluntary, thereby removing any constitutional bar to the admission of those statements into evidence at trial. Colorado v. Connelly, 479 U.S. 157, 169-70 (1986).

Here, Cranston Police Detective Sergeant Henry and DEA Task Force Agent Angell advised the defendant of his *Miranda* warnings prior to asking him any questions. After being so advised and indicating his understanding of his *Miranda* rights, the defendant waived those rights and answered questions about his identity and his narcotics related activities. There is no evidence to suggest that Detective Sergeant Henry, DEA Task Force Agent Angell, or any other law enforcement officer coerced the defendant in any way. Therefore, the Court should allow the government to introduce the defendant's statements into evidence at trial.

**CONCLUSION**

For the reasons set forth above, the United States respectfully requests that this Honorable Court deny the defendant's Motion to Suppress Statements.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney

Certificate of Service

I hereby certify that on the 13th day of September, 2005, a copy of the within Government's Memorandum was mailed, postage prepaid, to Donna Uhlmann, Attorney at Law, 1 Davol Square, Suite 100, Providence, RI 02903.

# CRANSTON POLICE RIGHTS

I, Virgil Jimmy, am a suspect in the crime(s)

of Possion of cocaine

VJ 1. I have the right to remain silent. I do not have to give a statement or answer any questions.

VJ 2. If I give up my right to remain silent, anything I say can and will be used against me in a Court of Law.

VJ 3. I have the right to the presence of a lawyer and to talk with a lawyer before and during any questioning.

VJ 4. If I cannot afford a lawyer and I want a lawyer, a lawyer will be appointed for me at no cost to me before any questioning.

VJ 5. If I do talk to the police, I can stop at any time.

The police have made no threats or promises to me.

I understand my rights Yes ✓ No ____

[signature]
SIGNATURE

16 Payton, St
ADDRESS

[signature] 260

OFFICER(S) ADVISING SUSPECT OF HIS/HER RIGHTS.

TIME / DATE: 6-2-05 2130 hrs

PLACE: HQ.

CR # / CRIME CLASS: 05-24965-AR.