**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA )**
**)**
**Vs. )** **Docket No.: 05-00073-01T**
**)**
**VIRGILIO JIMENEZ )**
**)**

**MOTION FOR DOWNWARD DEPARTURE**

Now comes the Defendant by and through counsel and moves this Honorable Court for downward departure at sentencing. In support thereof, memorandum is heretofore attached. Respondent reserves the right to supplement the instant motion.

WHEREFORE, and for the aforementioned reasons, it is respectfully requested that defendant's motion for downward departure be granted.

Respectfully submitted,
By His Attorney,

Martin Harris [signature]

Martin D. Harris, Esq. #3167
132 Dorrance Street
Providence, RI 02903
(401) 273-4990

**CERTIFICATION**

I , the undersigned, do hereby certify that on the 29th day of December 2005, I caused to mailed a true copy of the within to Attorney Stephanie Brown, Office of the U.S. Attorney General, 50 Kenedy Plaza 8th floor, Providence, RI 02903 and Probation Officer Heather McLaughlin, United States Probation, 2 Exchange Terrace, 3rd Floor, Providence, RI 02903.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Vs.** | ) | **Docket No.: 05-00073-01T** |
| | ) | |
| **VIRGILIO JIMENEZ** | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR DOWNWARD DEPARTURE**

On September 20, 2005, Defendant plead guilty to a one-count indictment charging him with Possession with Intent to Distribute Five Grams or more of Cocaine Base, in violation of Title 21, U.S.C., §841(a)(1) and (b)(1)(B), a class B felony. The issue is whether Defendant's unique circumstances will compel the court to depart downward from the Federal Sentencing Guidelines.

Paragraph 55 of the PSR reflects that Defendant's total offense level is 35 and is within a criminal history category of VI in which the guideline range is 292 to 365, found in zone D. A copy of the PSR is heretofore attached for the court's convenience. Exhibit 1. Defendant received a base offense level of 30 under §2D1.1(c)(5) since the quantity of cocaine base was for 39.22 grams. Seven more points were added based on the Career Offender Provision under §4B1.1 as reflected in Paragraph 24. A two-point decrease was given for adjustment for acceptance of responsibility as noted in Paragraph 25.

A sentencing court's departure from the guidelines is based on the specific facts of the case. The Sentencing Guidelines do not limit the number of basis a court may use in departing from the Sentencing Guidelines. 18 U.S.C. §3553(b)states, "[If] the court finds that there exist an aggravating or mitigating circumstance of a kind, or to a degree,

not adequately taken into consideration by the Sentencing Commission in formulating guidelines that should result in a sentence different from that described," it should depart from the guidelines. According to *Koon v. United States*,[1] in sentencing, a court should consider every convicted person as an individual. The Sentencing Guidelines are not meant to withdraw all sentencing discretion from the court. *Koon* states, "The severity of the misconduct, its timing, and the disruption it causes" should be considered."[2]

Defendant should be granted downward departure because there is a disparity of treatment between individuals who have been convicted of crack cocaine and cocaine. According to Paragraph 17 of the PSR, Respondent received a base level of thirty for possession with intent to distribute cocaine base, which is much higher than the base level for a cocaine conviction.

Moreover, when departing from the guidelines, *Koon*[3] considered the fact that Petitioners were not violent or dangerous. Mr. Jimenez's criminal history reflects a series of non-violent activities. There were no victims in any of his convictions. Furthermore, in Paragraph 39 he states that he had a "rough childhood". Mr. Jimenez has an extensive working history as reflected in Paragraphs 48-52. He was a car salesman prior to his arrest. He renovated houses on weekends. He was a stockboy at a pharmacy in Manhattan. He worked at LaPaul's Cleaners in Manhattan. Finally, he was a stocker for Coca-Cola. Based on the non-violent nature of his record, it is unnecessary to take into consideration the need to protect the public in the instant case.

---

[1] *Koon v. United State*, 518 U.S. 81, 106 (1996).
[2] *Id.*
[3] *Koon* at 6.

The court should depart downward if Defendant's incarceration would have an astonishingly negative impact on innocent family members.[4] Paragraph 40 reflects that Mr. Jimenez has maintained a relationship with his girlfriend who is employed as a mortgage consultant at Bank of America for the past six years. They have a child together who he resides with. Courts have long considered that extraordinary family concerns alone can mitigate the harsh effects of the sentencing guidelines.[5] Defendant's son and girlfriend depend on him for support. Incarcerating defendant for a more extensive time period would only delay the financial support that defendant could offer his family and loved ones. Although Defendant is now detained and his loved ones are suffering emotionally and financially, they still remain supportive of him.

Besides creating a negative impact on the financial support of his family, incarceration would also ruin an otherwise strong family unit. Defendant prays that he would be given a chance to resume participating in the upbringing of his child and be a part of the life of his girlfriend again. "Causing needless suffering of young children does not promote the ends of justice."[6] Defendant remembers the difficulty of growing up without a father and understands the importance of a father's role in his son's life.[7]

Finally, as grounds, Defendant asserts that his criminal history score of VI over-represents his criminal culpability for purposes of sentencing; therefore, he is entitled to downward departure. Defendant's last conviction occurred back in 1996, which is over nine years ago. Defendant has not had any convictions since then. According to the PSR, he has not received a sentence of more than one to three years on any conviction.

---

[4] *United States v. Tineo*, 2000 WL 759837 (S.D.N.Y. June 8, 2000).
[5] *United States v. Sclamo*, 997 F.2d 970 (1st Cir. 1993).
[6] *United States v. Blackwell*, 897 F.Supp. 586, 588 (D.D.C. 1995).
[7] Letter of Apology.

In calculating the sentence, the Guidelines consider chances of rehabilitation. Currently, as noted in Paragraph 43, Mr. Jimenez is participating in Domestic Violence Classes. He has been hired to work in the kitchen of the Wyatt and receives good review from his co-workers[8]. He also is looking forward to fulfilling his role as a father for his son. Detaining him for a long period of time will not contribute to his chances of rehabilitation.

Although Defendant has already been granted an adjustment for acceptance of responsibility, defendant should be granted downward departure because he has shown great remorse to an exceptional degree. See Letter of Acceptance of Responsibility attached to the Presentence Report.

Even if the specific factors, when taken alone, do not warrant departure, a totality of the circumstances consideration may do so if it takes the case out of the heartland.[9] Because Defendant's Criminal History of VI overemphasizes the seriousness of his criminal history and the facts of this case takes it outside of the typical Possession with Intent to Distribute case, defendant should be granted downward departure.

Respondent reserves the right to supplement the instant memorandum.

WHEREFORE, and for the aforementioned reasons, it is respectfully requested that defendant's motion for downward departure be granted.

Respectfully submitted,
By His Attorney,

Martin Harris /mp

Martin D. Harris, Esq. #3167
132 Dorrance Street
Providence, RI 02903
(401) 273-4990

---

[8] Paragraph 47 of the PSR.
[9] *Koon.*

**CERTIFICATION**

I , the undersigned, do hereby certify that on the 29th day of December 2005, I caused to mailed a true copy of the within to Attorney Stephanie Brown, Office of the U.S. Attorney General, 50 Kenedy Plaza 8th floor, Providence, RI 02903 and Probation Officer Heather McLaughlin, United States Probation, 2 Exchange Terrace, 3rd Floor, Providence, RI 02903.