IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-073T |
| | ) | |
| VIRGILIO JIMINEZ | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO FOR DOWNWARD DEPARTURE**

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephanie S. Browne, Assistant United States Attorney, and hereby responds to defendant's Motion for Downward Departure.

Defendant posits a number of "grounds" for a downward departure; however, none of them, either individually or in combination, are sufficient to justify a downward departure.

**TRAVEL**

The grand jury returned an indictment against the defendant on June 15, 2005 for one count of possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(B). The defendant appeared before United States Magistrate Judge Almond for arraignment on June 24, 2005. The defendant entered a not guilty plea and Magistrate Judge Almond ordered that the defendant be detained. Subsequent to his arraignment, the government filed an Information Charging Prior Offense pursuant to 21 U.S.C. § 851, notifying the defendant that he was subject to enhanced penalties based upon his prior felony drug convictions.

On September 20, 2005, the defendant appeared before United States District Court Chief Judge Torres for a change of plea hearing. The defendant pled guilty to the single count of the

indictment. The matter is now scheduled for sentencing on January 13, 2006.

## DOWNWARD DEPARTURES

In light of United States v. Booker, 125 S.Ct 738 (2005), the guidelines are no longer mandatory in terms of their application by District Courts. However, Booker dictates that District Courts must consult the guidelines and must take them into account when sentencing. "[T]he guidelines remain part and parcel of the sentencing algorithm." United States v. Pho, ___ F.3d ___, 2006WL20574, C.A. 1 (RI) January 5, 2006. Sentencing courts are to "consult [the] Guidelines and take them into account when sentencing." Booker, 125 S.Ct. at 767; see also 18 U.S.C. § 3553(a)(4). Compliance with Booker necessitates that guidelines calculations be prepared by the United States Probation Officer. It also necessitates that the Court perform an analysis, in the appropriate case, as to whether a downward, or upward, departure is warranted. As was the case previous to the Booker decision, District Courts must also consider those factors set forth in 18 U.S.C. § 3553(a), including: the applicable guidelines range; the nature, seriousness and circumstances of the offense; the history and characteristics of the defendant; protection of the public; deterrence to criminal conduct; the need to promote respect for law and provide for just punishment; the needs of the defendant for educational training, vocational training, medical care and other correctional treatment; the need to avoid unwarranted disparities among similarly situated defendants; and restitution concerns.

In terms of a guidelines analysis, pre-Booker case law still applies. Whether the guidelines are mandatory or advisory, such case law interprets and explains the guidelines. Each guideline applies to a heartland of typical cases. United States v. Carrion-Cruz, 92 F.3d 5, 6 (1st Cir. 1996). A District Court has discretion to depart from the guideline range if the Court finds that

there exists an "aggravating or mitigating circumstance of a kind, to a degree, not adequately taken into consideration" by the Sentencing Commission in formulating the guidelines. 18 U.S.C. § 3553(b). However, not every mitigating or aggravating circumstance warrants a departure. United States v. Bogdan, 284 F.3d 324, 327 (1st Cir. 2002); United States v. Vasquez, 279 F.3d 77, 80 (1st Cir. 2002), and the guidelines "place essentially no limit on the number of potential factors that may warrant a departure." Burns v. United States, 501 U.S. 129, 136-137 (1991).

The guidelines list several factors which are forbidden and cannot be used as grounds upon which to base a guidelines departure. Other factors are described as "encouraged" or "discouraged." If an encouraged factor is present, the Court may base a guidelines departure decision on that factor if the applicable guideline has not already taken it into consideration. If a discouraged factor is present, or the encouraged factor has already been taken into account by the guideline, the Court may depart under the guidelines only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. If the particular factor is not mentioned in the guidelines, the Court must decide whether the factor is sufficient to take the case out of the heartland. A departure based on an unmentioned factor will be "highly infrequent." Koon v. United States, 518 U.S. 81, 96 (1996); United States v. Dethlefs, 123 F.3d 39 (1st Cir. 1997).

A. Disparity Between Crack Cocaine and Powder Cocaine

Defendant argues that he should receive a departure because of the "disparity of treatment between individuals who have been convicted of crack cocaine and cocaine [sic]." Ad the First Circuit recently held in Pho, "Booker established that a district court may exercise discretion in fashoning sentences - but that discretion was meant to operate only within the ambit of the

individualized factors spelled out in section 3553(a)." The sentencing court is not free to downwardly depart based on a disagreement with the policy choice made by Congress in establishing a 100:1 crack-to-powder ratio. United States v. Pho, ___ F.3d ___, 2006WL20574, C.A. 1 (RI) January 5, 2006.

B. Employment

Defendant describes his employment record as "an extensive work history." An employment record is not ordinarily relevant in determining whether a departure is warranted. USSG § 5H1.5.

C. Family Background

Defendant claims to have had a "rough" childhood. While unfortunate, it is something which happens to many of those who appear in this Court. Lack of guidance as a youth and similar circumstances which indicate a disadvantaged upbringing are forbidden grounds upon which to base a departure. U.S.S.G. § 5H1.12.

D. Family Circumstances

Defendant claims that a lengthy incarceration would weaken "an otherwise strong family unit" and that the fact he has a son for whom he provides some support amounts to "extraordinary family concerns." Section 5H1.6 of the guidelines states, in part, that "[f]amily ties and responsibilities . . . are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." Thus family ties and responsibilities are discouraged factors upon which to base a departure decision under the guidelines. To base a departure on this factor, the family ties or responsibilities must be present to an exceptional degree, distinguishing it from the ordinary case. United States v. Louis, 300 F.3d 78, 81-82 (1st Cir. 2002). As noted by

the Louis Court:

> A defendant's incarceration will invariably cause hardship to his family. We cannot 'presume, as a general matter, that the Commission either overlooked or inadequately considered' such a consequence in formulating the guidelines. Id. (quoting United States v. Clase-Espinal, 115 F.3d 1054, 1057 (1st Cir. 1997)).

In Bogdan the Court said "Regrettably, the 'heartland' of cases under the Guidelines encompasses immense and heart-wrenching hardships." 284 F.3d at 330.

The factors identified by Jimenez are that he is the father of one son for whom he provides support. Downward departures from the guidelines based on this ground have been rejected by Courts where the circumstances were similar or worse than those put forth by defendant. See, United States v. Chestna, 962 F.2d 103 (1st Cir. 1992) (defendant's status as a single mother of four young children not an unusual family circumstance); United States v. Reyes-Rodriguez, 344 F.3d 1071 (10th Cir. 2003) (defendant's support of his wife, two children, and his poverty-stricken parents did not bring case outside the heartland); United States v. Carrasco, 271 F.3d 765 (8th Cir. 2001) (defendant, whose wife was disabled and was the primary support for three children, was not entitled to a family circumstances downward departure); United States v. Sweeting, 213 F.3d 95 (3rd Cir. 2000) (defendant's status as the sole support for five children, including one who suffered from Tourette's Syndrome, was insufficient to take the case out of the heartland); United States v. Kapitzke, 130 F.3d 820 (8th Cir. 1997) (fact that defendant's incarceration would place financial burden on wife, who would be left to support their two children alone, not justify departure); United States v. Archuleta, 128 F.3d 1446 (10th Cir. 1997) (defendant's status as single parent for two minor children and care giver for a diabetic mother did not take case outside the heartland); United States v. Cacho, 951 F.2d 308 (11th Cir. 1992)

(mother of four small children not entitled to family circumstances downward departure); United States v. Goff, 907 F.2d 1441 (4th Cir. 1990) (Nothing extraordinary where defendant was mother of three children, ages two through seven, who would have to live with defendant's ill mother in Ohio during defendant's imprisonment). In United States v. Brand, 907 F.2d 31 (4th Cir 1990), the Court reversed the District Court which had granted a downward departure based on family circumstances where the defendant's two children would have to be separated, living with a foster family and with her in-laws, during her incarceration. The Court stated:

> A sole, custodial parent is not a rarity in today's society, and imprisoning such a parent will by definition separate the parent from the children. It is apparent that in many cases the other parent may be unable or unwilling to care for the children, and that the children will have to live with relatives, friends, or even in foster homes. We, indeed have only recently affirmed a district court's refusal to depart downward based on quite similar mitigating circumstances:
>
> > "The [defendant] has shown nothing more than that which innumerable defendants could no doubt establish: namely, that the imposition of prison sentences normally disrupts spousal and parental relationships, and that current criminal behavior can often be partially explained by childhood abuse and neglect.
>
> United States v. Daly, 883 F.2d 313, 319 (4th Cir. 1989)." Id. at 33.

The fact that § 5H1.6 of the guidelines exists indicates that the Sentencing Commission considered that incarceration of a parent would result in significant hardships on other family members, including children. Having that in mind, the Commission chose to make family circumstances a discouraged factor.

In the instant case, Jimenez has failed to demonstrate extraordinary family

circumstances which would take him outside the heartland. He has not even shown that his absence would result in the need for foster placement as his son's mother will be available to care for his child. Defendant's child lives with the child's mother, who is gainfully employed as a mortgage consultant. Defendant's incarceration will not leave either of them homeless. Nothing regarding defendant's family background is of such a nature to warrant a downward departure. It is not the Court which is responsible for defendant's inability to participate in rearing his child, that was something defendant forfeited by his decision to traffic in drugs.

D. Criminal History

The Court may depart downward if it finds defendant's criminal history to be over represented. USSG § 4A1.3(b) provides in the Commentary that "[a] downward departure from the defendant's criminal history category may be warranted if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of criminal behavior in the intervening period." United States v. Gilbert, 138 F.2d 1371, 1373 (11th Cir. 1998); United States v. Lindia, 82 F.3d 1154, 1165 (1st Cir.1996). The policy statement also provides that the Court may depart downward where it concludes that "the defendant's criminal history was significantly less serious than that of most defendants in the same criminal history category." Id.

Defendant's prior convictions do not fall within the two broad areas delineated in that policy statement. First, all of them are felony convictions. Second, although the three convictions date from the early 1990's, there is pending a drug trafficking charge for which defendant failed to appear. Third, defendant was wanted on an outstanding warrant on that drug trafficking charge at the time of the instant offense. This is evidence of his unwillingness to conform his conduct to the

norms of society. Short terms of imprisonment and probation did nothing to protect the public from further crimes. Jimenez chose the path of a recidivist.

Jimenez has failed to show that his criminal history is significantly less serious than others in the same category. Likewise, he has failed to demonstrate that his convictions were for inconsequential offenses. Further, defendant has failed to demonstrate that his criminal history category substantially over-represents the seriousness of his criminal history. All of his prior offenses were related to drug trafficking. Defendant's criminal history category accurately and adequately reflects that likelihood of recidivism and the seriousness of his prior acts of misconduct. There should be no downward departure on this ground.

If the Court were to consider a departure on this ground, it would be limited to a reduction of one criminal history category. § 4A1.3(b)(3).

E. Combination of Factors

The government has argued that none of the alleged grounds put forth by the defendant warrants a departure. Even if this Court considers the grounds in toto, departure is not warranted since the case is not "exceptional" nor is each characteristic "present to a substantial degree." USSG § 5K2.0(c)(1) and (2).

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

STEPHANIE S. BROWNE
Assistant U. S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of January, 2006, a copy of the within Government's Response was sent by ordinary mail and postage prepaid to Martin D. Harris, 132 Dorrance Street, Providence, Rhode Island 02903.

Paula Hassey