**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Vs.** | ) | **Docket No.: 05-00073-01T** |
| | ) | |
| **VIRGILIO JIMENEZ** | ) | |
| | ) | |

# FIRST SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR DOWNWARD DEPARTURE

In addition to the grounds asserted in defendant's original memorandum in support of Motion for Downward Departure, counsel states additional reasons herein for downward departure at sentencing.

Defendant is mindful of the recent pronouncement by our First Circuit which reversed an earlier sentencing decision by this Honorable Court which had been predicated upon a 20:1 ratio. Upon information and belief, Congress has not yet acted on the Sentencing Commission's recommendation for the utilization of the 20:1 ratio.

Although a court may not categorically prescribe a new ratio or depart from the guidelines based on a disagreement with a policy choice made by Congress, there is no authority which would prevent it from exercising its discretion based on a case-by-case analysis. "Departures are an important part of the sentencing process because they offer the opportunity to ameliorate, at least in some aspects, the rigidity of the Guidelines themselves. District judges, therefore, need not shrink from utilizing departures when the opportunity presents itself and when circumstances require such action to bring about a fair and reasonable sentence." *United States v. Gaskill*, 991 F.2d 82, 86 (3rd Cir. 1993).

According to the guidelines, one gram of crack cocaine is treated the same as 100 grams of powder cocaine for purposes of calculating the weight of the drugs which triggers mandatory minimum sentencing.

Sugar crystallized is the same as sugar liquefied, yet individuals convicted of possessing or dealing with the same substance are treated differently. Powder is much more expensive, but the penalties are less severe. Crack cocaine is a "cheaper drug to pedal." More minorities suffer as a result of this unequal treatment; they are subject to more severe penalties. Downward departure to equalize sentencing disparity is a proper ground which is appropriate in the instant circumstances. According to *United States v. Daas,* 198 F.3d 1167 (9th Cir.1999), the court does have the authority to depart to eliminate sentencing disparity.

Furthermore, departure is warranted because defendant's criminal history overrepresents his propensity to commit crimes. 18 U.S.C. §3553 (a) states that the nature, seriousness, and circumstance surrounding the offense should be taken into account. In *United States v. Wilkerson*, 183 F.Supp.2d 383 (D. Mass. 2002), the defendant was convicted of dealing crack. The court determined that a criminal history score of VI overrepresented his criminal culpability. The court departed from the guidelines to a score of IV after considering that defendant had no prior violent convictions and had relatively minor prior sentences. Upon information, Jimenez pled to and served eight months concurrent on all the cases prosecuted out of New York. See PSR at paragraphs 28-30. (This has not been verified other than through the defendant.) Defendant has a criminal history of IV, but due to the career offender guidelines, defendant is at VI. See PSR at paragraph 31.

According to *United States v. Lawrence*, 916 F.2d 553, 554 (9th Cir. 1990), a low risk of recidivism justified downward departure although the defendant has two prior drug convictions. **Such is the instant case.** Defendant was convicted of dealing or possessing drugs in 1992. His next conviction is for the instant offense. There is greater than a thirteen year span in between these convictions. Defendant suggests there is a low risk of recidivism which may justify departure.

In *United States v. Cuevas-Gomez*, 61 F.3d 749 (9th Cir. 1995), the court was found to have the authority to depart downward from the career offender guidelines – 16 levels – because defendant was a comparatively minor offender with six minor drug and theft priors. *United States v. Mishoe*, 241 F.3d 214 (2d Cir. 2001), although did not condone a court to categorically grant departure for small level dealers, did agree with *United States v. Williams*, 78 F.Supp.2d 189 (S.D.N.Y. 199) that prior lenient sentences may be a basis to depart. In *United States v. Webb*, 966 F.Supp. 16 (D.D.C. 1997), departure was appropriate because the defendant was only an addict the first two priors and it was the third arrest that consisted of him selling over fifty grams.

The instant defendant, although has two prior drug convictions, as referred to in the PSR at paragraphs 28-30, was ordered to serve one to three years in actuality. Upon information, he served only eight months concurrently on all. See PSR at paragraphs 28-30. Although he is a career offender with at least two priors, he was supporting an addiction. As is referenced in his Acceptance of Responsibility, defendant was selling small amounts of controlled substances to support his own use.

As further grounds to depart, defendant believes that he would benefit from a drug program and therefore requests that this Honorable Court order the same. According to

U.S.C. §3553 (a)(2)(D), the court determined that imprisonment would sever defendant's access to rehabilitative counseling, one of the purposes of sentencing is to "provide the defendant with needed education or vocational training, medical care or other correctional treatment in the most effective manner." The guidelines gives much weight to the chance of rehabilitation. Defendant's criminal history indicates that he has been using drugs since the age of fifteen. See PSR at paragraph 44. Defendant would be an ideal candidate for a drug program. See also defendant's Acceptance of Responsibility Letter.

As yet a further ground for departure, Jimenez requests the court to consider the length of time between the crimes. The court in *United States v.* Ward, 814 F.Supp. 23 (E.D.Va. 1993) determined that departure was appropriate because the guidelines did not take the length of time between crimes committed into consideration. His record of crimes committed out of New York dates back over thirteen years. See PSR at paragraphs 28-30. He has two qualifying convictions as referenced in the PSR at paragraph 24, which he served time concurrently on. The last conviction was back in 1992. Defendant's next conviction is the instant offense in which he is awaiting sentencing. The court should depart since over thirteen years has lapsed since his previous conviction.

Lastly, as further grounds for downward departure, Jimenez requests the court to consider the totality of the circumstances. The combination of factors justifies a departure. Defendant has not been convicted of any violent offenses. The need to protect the public is much less of a concern. Defendant has a minor child to raise. He had a rough childhood. There is a lack of seriousness in his prior convictions. In the interests

of rehabilitating a member of our society, the court should depart from the guidelines and order the defendant to participate in a drug program.

Respondent reserves the right to supplement the instant memorandum.

WHEREFORE and for the aforementioned reasons, it is respectfully requested that defendant's motion for downward departure be granted.

Respectfully submitted,
By His Attorney,

Martin D. Harris, Esq. #3167
132 Dorrance Street
Providence, RI 02903
(401) 273-4990

## CERTIFICATION

I , the undersigned, do hereby certify that on the 23rd day of February 2006, I caused to mailed a true copy of the within to Attorney Stephanie Brown, Office of the U.S. Attorney General, 50 Kenedy Plaza 8th floor, Providence, RI 02903 and Probation Officer Heather McLaughlin, United States Probation, 2 Exchange Terrace, 3rd Floor, Providence, RI 02903.