UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

- - - - - - - - - - - - - - - - -
UNITED STATES OF AMERICA         :
                                 :
    vs.                          :         CR No. 05-073 S
                                 :
VIRGILIO JIMENEZ                 :
- - - - - - - - - - - - - - - - -

MEMORANDUM AND ORDER

WILLIAM E. SMITH, United States District Judge.

Virgilio Jimenez has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, the motion must be denied.

I.  BACKGROUND AND TRAVEL

After receiving information from a reliable confidential informant(CI) that a person known as "VJ" was involved in the sale and distribution of cocaine, police in Cranston, Rhode Island began an investigation of Jimenez's residence at which he allegedly packaged and distributed the illegal drugs. This investigation led to a "trash pull" of garbage discarded from the residence, during which police discovered mail addressed to the residence and drug packaging paraphernalia.

Based on the CI's information and the contents of the trash, the officers obtained a search warrant for the residence. On June 2, 2005, officers searched Jimenez's residence and recovered: 39.22 grams of crack cocaine; a digital scale; drug packaging supplies; and video surveillance equipment. After being advised of his Miranda rights,[1] Jimenez admitted to his involvement in a drug-

---

[1] See Miranda v. Arizona, 384 U.S. 436 (1966).

trafficking enterprise and to ownership of the seized cocaine base and drug paraphernalia and further admitted that he had personally cooked the seized crack cocaine.

Jimenez was subsequently charged in a one-count indictment with possession of five grams or more of cocaine base with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). On August 23, 2005, the Government filed a sentencing enhancement information under 21 U.S.C. § 851, attaching records of Jimenez's three prior felony drug convictions from New York state court.

Jimenez was initially represented by Attorney Donna A. Uhlmann, who filed several pre-trial motions on his behalf, including two motions to suppress. The motion to suppress evidence seized at Jimenez's residence challenged the basis for the search warrant, arguing that neither the information received from the CI nor the surveillance of Jimenez's home resulted in a showing of probable cause to support the issuance of the search warrant. On September 15, 2005, after a hearing on both motions, this Court (Torres, J.), denied the motion to suppress evidence.[2] Thereafter, Jimenez pled guilty, without a plea agreement.

The Presentence Report (PSR) prepared by the U.S. Probation Office classified Jimenez as a career offender due to his prior

---

[2] The second motion to suppress, which sought to exclude statements made by Jimenez after his arrest, was also denied. That motion is not a subject of the instant § 2255 proceeding.
All pretrial, plea and sentencing proceedings were conducted before Judge Ernest C. Torres of this Court.

felony drug convictions, which resulted in a net offense level of 35, a Criminal History category VI, and an advisory guideline range of 292 - 365 months. (PSR ¶¶ 24-26, 55.) Had Jimenez not been so classified, his advisory guideline range would have been 110 - 137 months, based on a net offense level of 28 and a criminal history category IV.[3]

Jimenez retained new counsel, Attorney Martin D. Harris, to represent him during sentencing proceedings. Attorney Harris filed no objections to the PSR but did file a motion on Jimenez's behalf seeking a sentence below the advisory guideline range. The motion was based on several grounds, including inter alia that the sentencing disparity between crack cocaine and powder cocaine should not apply to Jimenez and that Jimenez's career offender status overstated the seriousness of his criminal record.

At the sentencing hearing on March 23, 2006, defense counsel confirmed that Jimenez had no objections either to the PSR or to his career offender status. (See Tr. of Sentencing Hr'g conducted on Mar. 23, 2006 ["Sent. Tr."] at 2-3, 8-9.)[4] Counsel then argued the motion for a below-guidelines sentence. After hearing from both sides, Judge Torres denied the motion. He then sentenced

---

[3] The PSR described the cocaine base at issue as crack cocaine (PSR ¶ 10), and the undisputed drug amount would have triggered a base offense level of 30 under U.S.S.G. § 2D1.1 (PSR ¶ 17), less a two-point reduction for acceptance of responsibility.

[4] In addressing the Court, Jimenez himself acknowledged his prior convictions and career offender status. (Sent. Tr. at 11-12.)

Jimenez to 292 months imprisonment, followed by eight years of supervised release. (Sent. Tr. at 22-23.)

Jimenez appealed, represented by still different counsel, Attorney Ellen Pourinski.[5] On appeal he raised several issues, including whether his plea had been knowing and intelligent, whether the predicate offenses on which his career offender status was based were adequately substantiated, whether he possessed cocaine base or crack cocaine, and the reasonableness of his sentence in light of the then-existing 100:1 crack to powder ratio under the sentencing guidelines. The Court of Appeals rejected his arguments and affirmed his conviction and sentence on December 27, 2007. United States v. Jimenez, 512 F.3d 1 (1st Cir. 2007). The court found inter alia that Jimenez's prior convictions had been adequately substantiated and that the crack/cocaine ratio was irrelevant to his sentence as a career offender. Id. at 7, 8-9. Further review was denied by the Supreme Court on June 9, 2008. Jimenez v. United States, 553 U.S. 1100 (2008).

Jimenez thereafter timely filed the instant motion to vacate under 28 U.S.C. § 2255, and this case was reassigned to the undersigned. In his motion Jimenez asserts two claims: (1) that his trial counsel was ineffective in failing to base his motion to suppress on different grounds that were more likely to have been

---

[5] While his appeal was pending, Jimenez, through Attorney Harris, filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in this Court. See Jimenez v. United States, C.A. No. 06-301-T. That motion was dismissed without prejudice as premature on December 11, 2006.

successful; and (2) that his appellate attorney failed to preserve a sentencing challenge by requesting a stay of his mandate pending his petition for certiorari to the Supreme Court, in light of that Court's decision in Kimbrough v. United States, 552 U.S. 85 (2007). (Motion to Vacate, Ground Two.)[6] The Government has filed an objection to the motion, and Jimenez has filed a reply. This matter is ready for decision.[7]

II. DISCUSSION

    A.   Ineffective Assistance - Trial Counsel

A petitioner who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate:

1) That his counsel's performance fell below an objective standard of reasonableness; and

(2) [A] reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). See Parsley v. United States, 604 F.3d 667, 671 (1st Cir. 2010).

---

[6] A third claim belatedly asserted by Jimenez is addressed infra at 12-13.

[7] Jimenez requests an evidentiary hearing on his claims. However, no hearing is required in connection with any issues raised by his motion to vacate, because, as discussed infra, the files and records of this case conclusively establish that the claims in the motion to vacate are without merit. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (district court properly may forego any hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief") (internal citations omitted). See also Panzardi-Alvarez v. United States, 879 F.2d 975, 985 n.8 (1st Cir. 1989) (no hearing required where district judge is thoroughly familiar with case).

-5-

In assessing the adequacy of counsel's performance, the Court looks to 'prevailing professional norms.' All that is required is a level of performance that falls within generally accepted boundaries of competence and provides reasonable assistance under the circumstances. Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994) (citing Strickland, 466 U.S. at 688). To satisfy the prejudice requirement under Strickland, a defendant must show a reasonable probability that, but for counsel's errors, the outcome of trial would have been different. See United States v. Theodore, 468 F.3d 52, 56 (1st Cir. 2006) (citing Strickland, 466 U.S. at 695). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Strickland, 466 U.S. at 700.

Where "defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness," a petitioner must also demonstrate "that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the [outcome] would have been different absent the excludable evidence." Kimmelman v. Morrison, 477 U.S. 365, 375 (1986).

Jimenez first claims that his trial counsel was ineffective in failing to raise a meritorious Fourth Amendment claim in support of his pretrial motion to suppress. (Motion to Vacate, Ground Two.) He contends that the motion to suppress should have challenged the credibility of the CI, as Jimenez requested, instead of asserting the grounds chosen by counsel. Had such an approach been taken, he

says, the Government would have produced the CI at the suppression hearing, who could have been impeached on cross-examination by Jimenez's counsel concerning the existence and quantity of drug sales observed at Jimenez's residence. (See Jimenez's Memorandum of Law in Support of Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ["Pet. Mem."] at 5-7.)

As a threshold matter, it is questionable whether Jimenez may even assert this claim in view of his unconditional plea of guilty, which plea was upheld on direct appeal. The Court of Appeals "ha[s] assiduously followed the letter and spirit of Tollett [v. Henderson, 411 U.S. 258, 267 (1973)]," holding that an unconditional guilty plea effectuates a waiver of any and all prior non-jurisdictional errors in the case unrelated to the plea. United States v. Cordero, 42 F.3d 697, 699 (1st Cir. 1994) (rejecting a claim challenging the denial of a pretrial motion to suppress evidence, where defendant subsequently pled guilty).

Although the First Circuit has not directly addressed an ineffective assistance claim based on counsel's pre-plea performance,[8] other courts have found such claims to be likewise barred under Tollett, where the alleged ineffective assistance did not bear on the validity of defendant's subsequent guilty plea. See Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994) (claim that

---

[8] See United States v. Gaffney, 469 F.3d 211, 214-15 and n.2 (1st Cir. 2006) (listing decisions rejecting various claims of pre-plea constitutional violations but finding it unnecessary to address whether or not Gaffney's ineffective assistance claim related to defendant's plea).

-7-

counsel performed ineffectively due to failure to attempt to suppress his confession barred under Tollett); Robertson v. Carey, No. C 03-0533CRB(PR), 2003 WL 1872962, *2 (N.D. Cal. Apr. 9, 2003) (claim based on counsel's allegedly ineffective performance in connection with pre-plea motion to suppress found to be barred by Tollett rule and not covered by narrow "jurisdictional" exception to that rule); Gan v. Giurbino, No. CV 06-910-DSF (MAN), 2008 WL 4286939 (C.D. Cal. Sept. 15, 2008) (same). See also United States v. Coffin, 76 F.3d 494, 498 (2d Cir.1996) (ineffective assistance claim based on counsel's pre-plea conduct related to alleged Speedy Trial Act violation barred under Tollett).

Even if Jimenez's ineffective assistance claim can be considered, it cannot be sustained. First, his counsel was not unreasonable in pursuing the motion to suppress on the grounds articulated. In pressing that motion, counsel sought to show that the information received from the CI was stale, that the evidence of the contents of the trash pull was insufficiently linked to Jimenez, and that surveillance failed to sufficiently show activity at Jimenez's residence commonly associated with the sale of drugs. The fact that she was ultimately unsuccessful does not render her performance deficient. See Myles v. Dahlberg, 937 F.2d 609, *2 (6th Cir. 1991) (Table) (fact that attorney loses on a point does not mean that counsel was "ineffective" for constitutional purposes); Campusano v. United States, No. 03-CIV. 2982(SAS), 2004 WL 1824112 *4 (S.D.N.Y. Aug. 13, 2004). Thus, counsel's strategy

-8-

in pursuing the motion to suppress was not objectively deficient. See Strickland, 466 U.S. at 689.

Moreover, Jimenez has made no showing of a meritorious Fourth Amendment claim. See Kimmelman, 477 U.S. at 375. Rather than support his contention that the Government would have produced (or been required to produce) the CI at the suppression hearing, existing case law suggests the opposite. The First Circuit has recognized that the Government has "a qualified governmental privilege to withhold the identity of a person who furnishes information of law violations to law enforcement personnel." United States v. Hemmer, 729 F.2d 10, 15 (1st Cir. 1984) (citing Roviaro v. United States, 353 U.S. 53 (1957)). Under this privilege, the Government need not disclose the identity of an informant absent a showing by defendant that such disclosure is necessary. Id. Such a showing must include "concrete circumstances" that would justify "overcoming both the public interest in encouraging the flow of information . . . and the informant's private interest in his own safety." United States v. Tejeda, 974 F.2d 210, 215-16 (1st Cir. 1992) (quoting United States v. Estrella, 567 F.2d 1151, 1153 (1st Cir. 1977)).

Here, Jimenez has made no showing, apart from his own allegations, that the CI's observations were false, and he has otherwise offered no "concrete circumstances" that would justify overcoming the public interest so as to defeat the privilege. Tejeda, 974 F.2d at 215-16. This deficiency precludes a finding that this putative basis for the motion to suppress "was so obvious

and promising that no competent lawyer could have failed to pursue it." Arroyo v. United States, 195 F.3d 54, 55 (1st Cir. 1999).

Finally, even if the CI could somehow be discredited, other circumstances, including the contents of the trash pull, supported the issuance of the search warrant and thus denying the motion to suppress, and thus, the outcome of the suppression hearing would not likely have been different. Kimmelman, 477 U.S. at 375.

Thus, Jimenez's first ineffective assistance claim fails.

B.   Ineffective Assistance - Appellate Counsel

To establish ineffective assistance of appellate counsel, a defendant must show (1) "that his counsel was objectively unreasonable" and (2) "a reasonable probability that, but for his counsel's unreasonable failure to [raise a particular issue], he would have prevailed on his appeal." Smith v. Robbins, 528 U.S. 259, 285 (2000). Moreover, to be effective, "appellate counsel . . . need not (and should not) raise every nonfrivolous claim, but rather may select among them in order to maximize the likelihood of success on appeal." Id. at 288. See also Thompson v. Spencer, 111 Fed. Appx. 11, 13 (1st Cir. 2004) (same).

Jimenez claims that his appellate counsel failed to preserve a sentencing challenge by requesting a stay of the mandate of the decision affirming his conviction and sentence, pending his petition of certiorari to the Supreme Court, in light of that Court's decision in Kimbrough. (Motion to Vacate, Ground Two.) He contends that because he had challenged the 100:1 crack-powder

cocaine ratio as applied to him, such a stay would have enabled him to benefit from the Kimbrough decision.

This claim is factually and legally inaccurate and requires little discussion.  Contrary to Jimenez's assertions, in its decision affirming his conviction and sentence, issued more than two weeks after Kimbrough was decided by the Supreme Court,[9] the Court of Appeals expressly addressed the applicability of the holding in Kimbrough to Jimenez's sentence.  It found that the "crack/powder dichotomy is irrelevant to the career offender sentence actually imposed in this case" and that the Kimbrough decision was inapplicable to Jimenez.  Jimenez, 512 F.3d at 9. Given the appellate court's *sua sponte* consideration of Kimbrough in disposing of Jimenez's appeal, counsel's failure to argue Kimbrough resulted in no prejudice to Jimenez.

Furthermore, Jimenez's petition for writ of certiorari was subsequently denied.  A stay of mandate pending his petition for writ of certiorari to the Supreme Court would not have changed that disposition.  In view of this, any argument that the issue was not properly preserved for later appeal -- either by request for stay of mandate or otherwise -- is moot.  Id.[10]

---

[9] Jimenez's appeal was decided on December 27, 2007, 17 days after the decision in Kimbrough was issued on December 10, 2007.

[10] Contrary to Jimenez's assertion in his Reply (Reply at 4-6), the decision in United States v. Boardman, 528 F.3d 86 (1st Cir. 2008), does not benefit him, as Boardman was not sentenced as a career offender, and the First Circuit expressly found that Kimbrough was applicable to Boardman's sentence.  Id. at 87.

-11-

C.  Supplemental Claims

In a supplemental filing made on August 13, 2010 Jimenez attempts to raise two new claims: (1) that the two prior drug convictions used in calculating his career offender status should have been counted as one offense, and (2) that his trial counsel was ineffective in failing to argue this point at sentencing.[11] These claims fail both procedurally and substantively.

As a threshold matter, neither of these belated claims springs from the same "core of operative facts" so as to relate back to either of Jimenez's two original claims (discussed above).  Thus, because these claims are raised well after the one-year limitation period, they are untimely.  See 28 U.S.C. § 2255(f); Mayle v. Felix, 545 U.S. 644, 659 (2005). See also United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) (under Mayle, Rule 15 'relation back' principle is to be strictly construed in habeas context).

Timeliness aside, the Court of Appeals found on direct appeal that by failing to raise the point at sentencing, Jimenez waived

---

[11] With his supplemental memorandum, Jimenez submitted (1) a transcript of proceedings in New York State Court relating to his prior state drug convictions. [Supp. Mem., Ex. (b)] and (2) a copy of his original prematurely filed § 2255 motion and supporting papers [Supp. Mem., Ex. (c)].  In his initial § 2255 motion, Jimenez had argued that because his prior state drug offenses were for simple possession rather than possession with intent to distribute, they were insufficient to qualify as predicate offenses for his career offender status.  Here, however, Jimenez relies on those § 2255 papers to support his claim that his counsel should have argued that his prior drug convictions should have been counted as a single conviction under the same course of conduct. Therefore, this Court need not consider the grounds asserted in that previously filed § 2255 motion.

-12-

objections to the predicate offenses that furnished the basis for his career offender status. See Jimenez, 512 F.3d at 7. This precludes any direct challenge to the predicate offenses in this § 2255 proceeding. See Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) ("issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion") (quoting Dirring v. United States, 370 F.2d 862, 864 (1st Cir. 1967)); Argencourt v. United States, 78 F.3d 14, 16 n.1 (1st Cir. 1996).

Even if the ineffective assistance claim were addressed on its merits, it would fail. According to the PSR (PSR, ¶¶ 28-29), the two predicate off5enses occurred on different dates as separate transactions and thus were properly counted as separate predicate offenses pursuant to U.S.S.G. § 4A1.2(a)(2).[12] See United States v. Ahrendt, 560 F.3d 69, 78-70 (1st Cir. 2009) (where prior offenses were temporally and factually distinct, no error in counting them separately under U.S.S.G. § 4A1.2(a)(2), notwithstanding that defendant was sentenced for both on the same day); United States v. Washington, 220 Fed. Appx. 1, 3 (1st Cir. 2007) (convictions for offenses occurring 11 days apart were properly counted as separate predicates for career offender purposes). Thus, Jimenez's counsel was not ineffective in failing to argue that the two predicate convictions should be treated as

---

[12] In his supplemental memorandum, Jimenez refers to U.S.S.G. § 1B1.3(a)(2), which cross-references Chapters Four and Five of the Guidelines and is not relevant here. However, the governing Guideline provision for this claim is U.S.S.G. § 4A1.2(a)(2).

-13-

one, as such a claim would not have succeeded in any event. See Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999) (counsel's failure to pursue a futile tactic did not render his performance deficient).

This Court has considered all of Jimenez's remaining arguments and finds them to be without merit.

III. CONCLUSION

For the foregoing reasons, Jimenez's motion to vacate under § 2255 is hereby DENIED.

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts ("§ 2255 Rules"), this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability (COA), because Jimenez has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Jimenez is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See § 2255 Rule 11(a).

/s/ William E. Smith
William E. Smith
United States District Judge
Date: December 6, 2010