UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
UNITED STATES OF AMERICA           )
                                   )
            v.                     )   CR. No. 05-073 S
                                   )
VIRGILIO JIMENEZ,                  )
                                   )
            Defendant.             )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Pending before the Court is Petitioner Virgilio Jimenez's second or successive motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 82). Since Jimenez did not obtain the certification required by 28 U.S.C. § 2244 in advance of filing his second or successive § 2255 motion, the motion is DENIED and his application under § 2255 is DISMISSED.

I.  Background

In September 2005, Jimenez pled guilty to possession of five grams or more of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). At the sentencing hearing, this Court determined that Jimenez had three prior felony drug convictions, two of which qualified him to be sentenced as a career offender under the federal sentencing

guidelines. This Court sentenced Jimenez to 292 months, the low end of the guideline range. Jimenez's conviction and sentence were summarily affirmed. See United States v. Jimenez, 512 F.3d 1 (1st Cir. 2007). Further review was denied by the Supreme Court. Jimenez v. United States, 553 U.S. 1100 (2008).

In May 2009, Jimenez filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 59). Jimenez argued that: (1) his trial counsel was ineffective in failing to base his motion to suppress on different grounds that were more likely to have been successful; and (2) that his appellate attorney failed to preserve a sentencing challenge by requesting a stay of his mandate pending his petition for certiorari to the Supreme Court, in light of that Court's decision in Kimbrough v. United States, 552 U.S. 85 (2007). In August 2010, Jimenez made a supplemental filing which claimed: (1) that the two prior drug convictions used in calculating his career offender status should have been counted as one offense; and (2) that his trial counsel was ineffective in failing to argue this point at sentencing (ECF No. 64). This Court denied Jimenez's motion as to all of his claims in a Memorandum and Order dated December 6, 2010 (ECF No. 65).

Jimenez petitioned the First Circuit, in January 2011, for authorization to file a second or successive § 2255 motion (ECF No. 66). The First Circuit denied his petition (ECF No. 67).

2

In April 2014, Jimenez filed this motion once again asserting claims based on alleged ineffective assistance of counsel.

II. Discussion

Because this constitutes Jimenez's second or successive motion under § 2255, § 2244 applies. In relevant part, 28 U.S.C. § 2244(b)(3)(A) provides that: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Jimenez was denied permission from the First Circuit Court of Appeals to bring this petition in January 2011 and has not been granted permission since that time. Thus, Jimenez has not first obtained permission from the Court of Appeals as required under § 2244 and this Court lacks jurisdiction to hear his second or successive motion. See, e.g., United States v. Cao, CR. No. 05-134-4-ML, 2013 WL 1130958, at *2 (D.R.I. Mar. 18, 2013).

For the foregoing reasons, Jimenez's motion to vacate, set aside, or correct sentence is DENIED and his application under § 2255 is DISMISSED.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date:  June 10, 2014